IOWA SECURITIES CORPORATION, Plaintiff, *v.* RIDGEWOOD NATIONAL BANK, Defendant.

(Supreme Court, New York Trial Term, February, 1919.)

Stocks — negotiability of certificates of, by indorsement — who entitled to be regarded as legal and equitable owner of the certificates — negotiable instruments — Personal Property Law, § 168.

The negotiability of certificates of stock by indorsement and delivery was expanded by the Personal Property Law as amended in 1913.

Where certificates of stock issued in the name of a firm were indorsed and delivered by it to the defendant bank as collateral for a loan, the legal title to the certificates is in the defendant, and though in an action for reclamation of the certificates, the plaintiff, as between it and said firm, was entitled to be regarded as the legal and equitable owner of the certificates, section 168 of the Personal Property Law, upon which the action was based, precludes any recovery against the defendant.

Supreme Court, February, 1919.       [Vol. 106.

ACTION for the reclamation of two stock certificates of the Iowa State Savings Bank delivered as collateral for a loan.

Hunt, Hill & Betts (George C. Sprague and Barton Corneau, of counsel), for plaintiff.

Robert H. Wickert (Thomas Cradock Hughes, of counsel), for defendant.

GREENBAUM, J. This action is brought for the reclamation of two stock certificates of the Iowa State Savings Bank, each for 100 shares, delivered to the defendant as collateral for a loan made to the firm of Morgan, Truett & Co. on March 17, 1918. The action is ostensibly based upon the provisions of section 168 of the Personal Property Law. Sections 162 to 185 of the Personal Property Law were enacted by chapter 600, Laws of 1913, in the interest of uniformity of legislation in the United States. Section 162 provides that the title to a certificate of stock " can be transferred only (a) By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby, or (b) By delivery of the certificate and a separate document containing a written assignment  *  *  *  signed by the person appearing by the certificate to be the owner of the shares represented thereby." Section 165 provides that: " The title of a transferee of a certificate under a power of attorney or assignment not written upon the certificate, and the title of any person claiming under such transferee, shall cease and determine, if at any time prior to the surrender of the certificate to the corporation issuing it, another person, for value in good faith, and without notice of the prior transfer, shall purchase and obtain delivery of such certificate

with the indorsement of the person appearing by the certificate to be the owner thereof. \* \* \*.'' Section 166 provides: '' The delivery of a certificate to transfer title in accordance with the provisions of section one hundred and sixty-two is effectual, except as provided in section one hundred and sixty-eight, though made by one having no right of possession and having no authority from the owner of the certificate or from the person purporting to transfer the title.'' Under section 167 the indorsement of a certificate by the person appearing therein to be the owner thereof is effectual, '' except as provided in section one hundred and sixty-eight,'' in spite of fraud, duress, mistake, revocation, death, incapacity or lack of consideration. The exceptions above referred to in section 168 are not applicable to the facts in this case. On the contrary, section 168 is in support of defendant's position. It is there expressly provided that no reclamation or rescission of a transfer of stock may be had in a case where '' The certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful.'' It is not disputed that the defendant acquired the certificates of stock in suit for value in good faith and without notice of any facts making the transfer to it unlawful. In this connection we may refer to section 183 of the Personal Property Law, which reads: '' Title means legal title and does not include a merely equitable or beneficial ownership or interest.'' It would seem to follow that under the statute and under the facts which show that the certificates in dispute were issued in the name of Morgan, Truett & Co. and were delivered to the defendant with their indorsement the legal title thereto became vested in the defendant upon their delivery under section 162, and whatever title the plaintiff

theretofore may have acquired became extinguished as against the defendant under the provisions of section 165. The practical effect of the 1913 amendments of the Personal Property Law is to expand the character of negotiability of certificates of stock by their indorsement and delivery. Hence, even though it be assumed that as between the plaintiff and Morgan, Truett & Co. the former is entitled to be regarded as the legal or equitable owner of the certificates in question, it is evident that the very section of the Personal Property Law upon which this action is predicated precludes the plaintiff from any recovery against the defendant. The complaint must be dismissed upon the merits.

Judgment accordingly.